UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS LEROY McINTYRE, JR., | ) | CASE NO. 5:15-cv-1349 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STEVE M. BARRY, SHERIFF, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Lewis Leroy McIntyre, Jr. filed this action under 42 U.S.C. § 1983 against Summit County Sheriff Steve M. Barry, three John Doe Sheriff's Deputies, and Summit County Common Pleas Court Clerk Daniel M. Horrigan. In the complaint, plaintiff alleges he was wrongfully returned to prison and was not given a proper parole hearing. He seeks monetary damages and release from prison.

**I.  Background**

Plaintiff was convicted in 1991, of felonious assault and aggravated burglary with firearm specifications, following a jury trial in the Summit County Court of Common Pleas, Case No. CR–1991–01–0135. For the felonious assault charge, plaintiff was sentenced to an indeterminate sentence of eight to fifteen years in addition to a mandatory three-year sentence for the firearm specification. For the aggravated burglary charge, plaintiff was sentenced to an indeterminate sentence of eight to twenty-five years in addition to a mandatory three-year sentence for the firearm specification. All sentences were ordered to be served consecutively. *See State v. McIntyre*, No. 15348, 1992 WL 125251 (Ohio App. 11 Dist. May 27, 1992).

In January 2008, plaintiff was granted parole and released from prison. In July 2009, he was convicted of tampering with evidence, petty theft, tampering with records, and obstructing justice, following a jury trial in the Summit County Court of Common Pleas, Case No. CR–2009–03–0647. He was sentenced to four years in prison for tampering with evidence; four years for tampering with records; one year for obstructing justice; and six months in the county jail for petty theft. All sentences were ordered to be served concurrently. Plaintiff signed a Waiver of Kellogg Mitigation Hearing on September 1, 2009 and his parole was officially revoked on September 11, 2009.

Plaintiff appealed his conviction and, on March 21, 2012, the Ninth District Court of Appeals affirmed his conviction but reversed his sentence and remanded the case for resentencing, with instructions for the trial court to apply *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010), and to determine whether his convictions should merge. *See State v. McIntyre*, No. 24934-24945, 2012 WL 953146 (Ohio App. 11 Dist. Mar. 21, 2012).

The trial court conducted a resentencing hearing on April 26, 2012, and determined that the convictions for tampering with evidence and tampering with records should merge. The State elected to proceed on the charge of tampering with evidence, a felony of the third degree. Plaintiff successfully argued that the amendments to the felony sentencing statutes, enacted by House Bill 86, applied to his resentencing. The court sentenced him to a prison term of thirty-six months, the maximum prison term for third-degree tampering with evidence under the amended statute, Ohio Rev. Code § 2929.14(A)(3)(b), and six months for obstructing justice. *See State v. McIntyre*, No. 26449, 2012 WL 6042609 (Ohio Ct. App. Dec. 5, 2012). He filed a motion to reopen his appeal, arguing in part that the trial court gave him concurrent sentences but

did not consider whether they should be merged. The Court of Appeals granted the motion and, on December 5, 2012, reversed his sentence on this ground.

Thereafter, plaintiff filed a series of motions, including a motion requesting merger of allied offenses and resentencing, which he filed on September 26, 2013. A resentencing hearing was held on July 18, 2014. The state conceded merger and elected to have plaintiff sentenced on the charge of tampering with evidence. Plaintiff was sentenced to three years in prison. The court determined that, after applying credit for time served in jail, plaintiff had already served this sentence.

Plaintiff, however, was returned to prison to serve the remainder of his 1991 sentences. He objects to his return, claiming that, due to his resentencings, there was no final disposition of his case and the Ohio Adult Parole Authority ("OAPA") lacked authority to revoke his parole after his conviction in 2009. He claims that he should be considered a parolee, but instead, defendants transferred him to the North Central Correctional Complex. He claims he is being unlawfully detained in violation of the Eighth and Fourteenth Amendments. He seeks monetary damages and release from prison.

## II. Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk*

3

*v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombley*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff's challenge to his parole revocation, which led to his re-incarceration, should be brought by way of a petition for writ of habeas corpus, following exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (explaining that habeas corpus, with its attendant requirement of exhaustion of state remedies, is the proper remedy for an attack on the fact or length of physical imprisonment);

4

*Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003) (stating that habeas corpus is the proper avenue for challenging the revocation of parole for an incarcerated plaintiff). He cannot obtain release from prison in a § 1983 civil rights action.

To the extent plaintiff seeks damages for transporting him to prison when he believes he should have been released on parole, his claim is also not cognizable in a § 1983 action. To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck* and its related cases, taken together, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 253 (2005) (italics in original).

Plaintiff's claims against defendants are based on his assertion that his parole was not properly revoked in 2009 and, therefore, he was still a parolee when the defendants returned him to prison. A favorable decision on his claim would call into question the validity of his current detention. As a result, he cannot raise these claims unless he also demonstrates that his continued incarceration was somehow officially invalidated. Although plaintiff contends the trial

5

court found that the OAPA lacked authority to revoke his parole, the transcript of the hearing reveals that the court reserved judgment on that issue until a later date. In response to arguments asserted by plaintiff's counsel, the court indicated:

> And the Court's belief and understanding is that that means you have completely served this sentence so that normally you would be released. However, there remains the issue of the holder placed by the Adult Parole Authority.
>
> The Court has not notified the Adult Parole Authority of these particular proceedings, and so based on Mr. Hanudel and the defendant's request that the holder be lifted, what this Court has the authority to find is that the Adult Parole Authority actually does not have the authority to revoke Mr. McIntyre's—revoke his parole because there was no final—basically final disposition on this case, the Court would say that it appears there's some, perhaps, question in the law whether this court [sic] actually has the authority to do that, that we dispute that—the State actually disputed that.
>
> But the Court—what the Court's going to find is, based on this unique situation, I believe that I do have the authority to, under this scenario, lift the holder, but that in fairness, and to give notice to the Adult Parole Authority of these proceedings, the Court is not going to do that until they've been given a period of seven days in which to determine whether or not they want to proceed anew with revocation hearings.

(Doc. No. 1-3 at 45-46[1]). There is no suggestion that the holder was lifted or that plaintiff's parole revocation was reversed. Plaintiff raised this issue on appeal of his last sentencing. That appeal is still pending in the Ohio Court of Appeals. Plaintiff, therefore, is barred from challenging the defendants' actions in returning him to prison after resentencing.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

**IV. Conclusion**

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 10, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**